## FRAMERICAN INDUSTRIAL DEVELOPMENT CORPORATION v. SPECHT.

(Circuit Court of Appeals, Third Circuit. February 23, 1924.)

### No. 3017.

Sales ⚖=1(1)—Contract held not to have become effective because of nonperformance of conditions precedent.

A contract of sale providing that the seller should give a bond satisfactory to the buyer, that on acceptance of such bond the buyer should make an advance payment and established a credit for the seller, and that unless these "preliminaries" were completed by a certain date the contract should be null and void, *held* not to have become a completed and enforceable contract, where none of such preliminary acts were done.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action at law by the Framerican Industrial Development Corporation against Charles E. Specht. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 297 Fed. 858. See, also, 297 Fed. 864, 871, 872.

Maynard Teall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiff in error.

John M. Freeman, of Pittsburgh, Pa., Percy Allen Rose, of Johnstown, Pa., and H. F. Stambaugh and Watson & Freeman, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In this action of assumpsit, the defendant, by demurrer, raised the question whether the writing sued upon was a contract. Pennsylvania Practice Act of May 14, 1915 (Pa. St. 1920, § 17181 et seq.). The District Court sustained the demurrer. 297 Fed. 858. The case is here on the plaintiff's writ of error.

The plaintiff brought this suit for damages based on the defendant's breach of an agreement wherein the plaintiff (hereinafter called

---

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the "buyer") promised to purchase and the defendant (hereinafter called the "seller") promised to sell 500,000 tons of coal of named grades, at given prices, in stated deliveries. The parties agreed that deliveries should begin "within seven (7) days from the date of the execution and delivery of this contract, provided this contract be executed and delivered not later than the 11th day of September, A. D. 1920." The agreement was executed and delivered on that date. The seller delivered no coal. If the agreement had ended here it might have been a completed contract and the seller's failure to deliver coal might have been a breach for which the buyer might have had an action. But the agreement further provides that the buyer "shall immediately upon the delivery of one copy of this agreement, duly executed by the seller, *with a bond (for performance) satisfactory to the buyer* thereto attached, advance to the seller on account of the purchase price of said coal one ($1.00) dollar per net ton, or five hundred thousand ($500,000.00) dollars in all," and further that:

"The buyer shall, as soon as possible, after the delivery to it of a copy of this agreement, duly executed by the seller, with a bond satisfactory to the buyer annexed thereto, establish in the Bankers' Trust Company of New York, a rotary credit to cover forty-five (45) days' payment of coal to be delivered hereunder, against which said rotary credit the seller may draw sight drafts each day to cover weight bills and invoices of coal shipped hereunder from day to day. * * * "

The seller did not deliver such satisfactory bond with the executed agreement and, accordingly, the buyer did not, either "immediately" or "as soon as possible," make the initial payment of $500,000 or establish a rotary credit. Again, if the agreement had ended here, the buyer might conceivably have had a right of action against the seller on a breach. The parties, however, did not stop here; but they proceeded in the last paragraph of the writing to make a very definite agreement as to the consummation of these several undertakings and as to the legal effect of the failure of either party to perform them. This paragraph is as follows:

"Unless the bond mentioned in the contract is delivered and accepted by the buyer, * * * and unless the advance payment be made and rotary credit be established this agreement shall be of no effect whatever, and unless all these preliminaries are completed on or before September 17th, 1920, this instrument shall be null and void."

We are not inclined to give this paragraph any meaning other than that which its own words give it. By its terms it is entirely clear that the parties regarded the giving of a bond by the seller to insure deliveries as a preliminary to a completed contract, and that they regarded the acceptance thereof, the advance payment and the establishing of a rotary credit by the buyer also as preliminaries. Moreover, the fixing of September 17 as a date on or before which these rather substantial preliminaries should be completed accords with the previous requirement that deliveries of coal "shall begin within seven (7) days from the date of the execution and delivery of this contract, provided this contract be executed and delivered not later than the 11th day of September" (which was in fact the date of its execution and delivery), thereby providing that deliveries should begin only aft-

er the preliminaries had been completed, and if completed by the day named, deliveries should begin on the day following. As the preliminaries were not completed on or before the named date, we can do nothing more than take the parties at their word when they said, in that event, "this instrument shall be null and void." We are not impressed with the plaintiff's position that the contract was mutually binding when made and was therefore enforceable as made, and that the conditions of the last paragraph are conditions subsequent and as such do not affect or hinder the enforcement of the contract. We rest our decision on the terms of the agreement and, subscribing in full to the reasoning of the learned trial judge in his opinion, 297 Fed. 858, sustain the judgment of the District Court.

BUFFINGTON, Circuit Judge, took no part in the consideration or decision of this case.